UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DARREN DEON JOHNSON,

        Plaintiff,                  Case No. 2:24-cv-93

v.                                        Honorable Robert J. Jonker

UNKNOWN BAKER et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts. gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted

**Discussion**

The Prison Litigation Reform Act (PLRA) amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

*in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against arguments that it violates equal protection, the right of access to the courts, and due process, and arguments that the rule constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See, e.g.*, Order & J., *Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); Op., Order & J., *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); Order & J., *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012). Additionally, on multiple occasions, Plaintiff has been denied leave to proceed *in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals.

The present suit is one of scores that Plaintiff has filed during his incarceration. In fact, Plaintiff filed more than a dozen lawsuits in the federal district courts in 2023. Indeed, Plaintiff has filed so many frivolous lawsuits that the United States District Court for the Eastern District of Michigan has enjoined Plaintiff from filing any new action without first obtaining leave of court, *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022), a restriction that the Sixth Circuit concluded was "justified by Johnson's record of engaging in vexatious litigation." Order, *Johnson v. Correctional Officer Schultz*, No. 22-1520, at 3 (6th Cir. Jan. 13, 2023).

As explained below, Plaintiff's allegations in the present action do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's

3

> assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Kinross Correctional Facility, which is where the events of which he complains occurred. Plaintiff sues Correctional Officers Unknown Baker, Unknown Quinn, and Unknown Whitley.

Plaintiff alleges that on May 13, 2024, he asked Defendants Baker and Quinn to call medical so that Plaintiff could obtain treatment for a broken finger. Plaintiff claims that the bone was displaced and pushing on his skin, which caused him severe pain. Defendants Baker and Quinn told Plaintiff that he should not be out of the cube without staff authorization while on toplock and refused to call medical personnel. (ECF No. 1, PageID.3.) Plaintiff told Defendants Baker and Quinn that he would be filing a grievance on them and the next day, Defendant Quinn shook down

4

Plaintiff's area, creating a mess. (*Id.*) On May 15, 2024, Plaintiff asked Defendant Whitley to call medical for his broken finger and Defendant Whitley refused, stating that the only time he would be making a call was when Plaintiff was leaving in cuffs or locking up. (*Id.*)

Based on the foregoing, Plaintiff asserts Eighth Amendment claims against Defendants, as well as a First Amendment retaliation claim against Defendant Quinn.

In 2019, the Sixth Circuit provided the following definition of a physical injury: "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or serious bodily harm. Minor harms or fleeting discomfort don't count." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

As an initial matter, while Plaintiff states that he suffers from an untreated broken finger which continues to cause him pain, Plaintiff does not include *facts* from which this Court could infer that his condition may lead to death or serious bodily harm. Moreover, although Plaintiff asserts that Defendants refused to call health care when asked, Plaintiff fails to allege facts showing that he was incapable of kiting health care at any point following his injury or that the named Defendants somehow prevented him from accessing health care through normal channels. *See* MDOC Policy Directive 03.04.100 ¶ TT-VV (eff. Jan. 9, 2023). Nothing in the complaint suggests that Defendants, who are correctional officers, would have any responsibility for providing Plaintiff with medical treatment. Rather, Plaintiff suggests that Defendants have demonstrated deliberate indifference by not calling health care on May 13, 2024, and May 15, 2024. However, as noted above, "[a]llegations of past dangers are insufficient to invoke the [imminent danger] exception." *Taylor*, 508 F. App'x at 492. Plaintiff's complaint is devoid of facts from which the Court could infer that Defendants are continuously preventing Plaintiff from accessing health care.

5

In sum, none of the allegations set forth by Plaintiff support an inference that the danger of serious physical injury was real and proximate at the time he filed his complaint.

In reaching this conclusion, the Court does not discount the pain Plaintiff alleges he experiences. Plaintiff's conditions, however, are "described with insufficient facts and detail to establish that he is in danger of imminent physical injury" from Defendants. *See Rittner*, 290 F. App'x at 798 (footnote omitted). That is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic—or delusional . . . irrational or wholly incredible." *Vandiver*, 727 F.3d at 585. They are simply insufficient.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## **Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma* pauperis. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

6

basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:     July 2, 2024                    /s/ Robert J. Jonker
                                           Robert J. Jonker
                                           United States District Judge